# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2026

Lyle W. Cayce
Clerk

No. 25-20352
Summary Calendar

---

Ahmad Williams; Malaika Williams,

*Plaintiffs—Appellants*,

*versus*

Rent 2 Own Trailers, L.L.C.; Gabriel Arguello;
Federico Arguello; Ivan Serna; Adriana Chuey;
Arguello Insurance Group; Jacobo Arguello; Vickey
Pirela,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-524

---

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

This appeal involves a contract dispute where the district court enforced a pre-litigation mediation clause by dismissing without prejudice. Because we find the obligation to mediate was waived, we VACATE the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20352

judgment and REMAND for further proceedings consistent with this opinion.

Plaintiff-Appellant Ahmad Williams, appearing pro se, leased two food-truck trailers from Defendant-Appellee Rent 2 Own Trailers, L.L.C. (R2O). Williams alleges that R2O failed to renew the trailers' registration and tags during the leases' terms, so he discontinued rental payments. He also sent a counseled demand letter to R2O on June 15, 2023. In response, R2O repossessed the trailers and their contents, some of which belonged to Williams.

On January 24, 2024, Williams sued Defendants-Appellees—R2O, its employees/agents, and insurers—in his home district, the United States District Court for the Eastern District of Pennsylvania.[1] That district court gave effect to a forum-selection clause contained in the R2O leases and transferred the case to the United States District Court for the Southern District of Texas.

Once in Texas, Defendants-Appellees moved to dismiss under Rule 12(b)(6) for myriad reasons. Among 30 pages of argument was one about a mediation clause in the leases, which reads:

> a. **Mediation**. Any controversy or claim arising out of or related to this Agreement, or any breach thereof, shall be settled first by good faith mediation before a mutually acceptable mediator within thirty (30) days' notice of such controversy or claim.

Without citing to any authority, Defendants-Appellees claimed this clause made mediation a "condition precedent" to litigation and rendered Williams's suit premature unless and until mediation occurred. Williams argued against mediation for reasons such as waiver and contractual privity.

---

[1] Williams's spouse asserts a claim for loss of consortium, as well.

No. 25-20352

The district court granted the motion but did not explicitly adopt Defendants-Appellees' theory that mediation was a condition precedent to suit. It instead erroneously treated Defendants-Appellees' mediation argument as unopposed and assumed, without analysis, the clause was specifically enforceable. It thus dismissed suit without prejudice pending mediation, presumably after concluding the parties' failure to mediate could not be cured by ordering a stay. Williams now seeks review of the Pennsylvania court's transfer order and the Texas's court dismissal.

On the first issue, we lack jurisdiction to review a transfer order entered by an out-of-circuit district court.[2] A transfer order is reviewable only in the circuit of the transferor district court—here, the Third Circuit. If Williams had asked the district court in Texas to *retransfer* the case to Pennsylvania, we would have had jurisdiction to review that ruling.[3] Because he did not, we PARTIALLY DISMISS Williams's appeal to the extent it seeks review of the Pennsylvania court's transfer order.

We review the second issue de novo.[4] This circuit has not addressed how a pre-dispute mediation clause should be interpreted or what remedies a court may properly impose for its purported breach. Defendants-Appellees cite to us caselaw interpreting and applying the Federal Arbitration Act,

---

[2] *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Am. Eurocopter Corp.*, 692 F.3d 405, 407 (5th Cir. 2012) ("We lack jurisdiction to hear appeals challenging venue transfer orders issued by district courts in other circuits."); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3855, at 406–07 (4th ed.) ("If the transfer was made from a district in one circuit to a district in another, only the court of appeals in the circuit of the transferor can review the decision.").

[3] *See Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 F. App'x 329, 334 (5th Cir. 2021); Wright & Miller § 3846, *supra* at 96–97.

[4] *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

3

which is inapposite.[5] For his part, Williams expands on arguments made to the district court about contract formation, privity, and waiver.

We agree with Williams that Defendants-Appellees waived the obligation to mediate "within thirty (30) days' notice of such controversy or claim." According to the complaint, which we must credit on a Rule 12(b)(6) motion,[6] Williams notified Defendants-Appellees of this dispute on June 15, 2023. Defendants-Appellees did not urge mediation over the next 30 days and, instead, responded by engaging the self-help remedy of repossession. Nor did they seek to mediate thereafter. It was not for another six months, and only after Williams filed suit in January 2024, that Defendants-Appellees raised the mediation clause and then, they did so by characterizing the clause as a barrier to suit, not as a means to settle with Williams.

Defendants-Appellees' litigation conduct compounds this waiver. There's no indication they broached mediation during the year the case was pending in Pennsylvania. Once it transferred to Texas, Defendants-Appellees moved to dismiss on the basis of mediation, but offered no authority in support. Then, just 20 days after they filed their motion characterizing mediation as a bar to suit, they and Williams jointly filed a Case Management Plan. In it, they responded to two court-posed questions as follows:

---

[5] *See Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1238–40 (11th Cir. 2008) (finding mediation to fall outside scope of the FAA); Thomas J. Stipanowich, *The Arbitration Penumbra: Arbitration Law and the Rapidly Changing Landscape of Dispute Resolution*, 8 Nev. L.J. 427, 445 (2007) ("In almost every way, the 'enforcement' of an agreement to mediate under the FAA or corresponding arbitration law makes no sense because the processes are fundamentally incompatible in nature and purpose.").

[6] *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

No. 25-20352

**Describe the possibilities for a prompt settlement or resolution of the case.**

> The Parties have exchanged electronic correspondence regarding proposed settlement. The Parties are at wide odds with respect to resolution.

**State the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

> Mediation through the Court/Magistrate is often an effective form of dispute resolution.

Defendants-Appellees did not respond to this suggestion of the availability of mediation by requesting that mediation be held. And in the year since that filing, there's no indication that Defendants-Appellees have taken steps to mediate with Williams.

Mediation in general and this clause in particular contemplate an efficient and collaborative endeavor to resolve disputes. Defendants-Appellees failed to pursue that endeavor for an extended time after notice of this dispute—and well beyond the 30-day post-dispute period set out in the leases' terms. They should not now be heard to complain that Williams did the same. Accordingly, we PARTIALLY DISMISS this appeal to the extent it challenges the transfer order; we otherwise VACATE the district court's Final Judgment dated July 11, 2025, and REMAND for further proceedings consistent with this opinion. The parties are of course free to exploit mediation and other methods of alternative dispute resolution made available by the district court.